BENJAMIN B. WAGNER
United States Attorney
GRACE M. KIM
Regional Chief Counsel
DANIEL P. TALBERT
Special Assistant United States Attorney
    Social Security Administration
    160 Spear Street, Suite 800
    San Francisco, CA 94105
    Telephone: (415) 977-8926
    Facsimile: (415) 977-8873

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| GILBERT NAVARRO, | CASE NO. 2:12-cv-02473-EFB |
| Plaintiff, | STIPULATION AND PROPOSED ORDER |
| vs. | FOR REMAND PURSUANT TO |
| | SENTENCE FOUR OF 42 U.S.C. § 405(g), |
| CAROLYN W. COLVIN, | AND FOR ENTRY OF JUDGMENT IN |
| Acting Commissioner of Social Security, | FAVOR OF PLAINTIFF AND AGAINST |
| Defendant.[1] | DEFENDANT |

    IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel of record, that this action be remanded to the Commissioner of Social Security for further

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Stip. & Prop. Order to Remand        1

1 administrative action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C.
2 § 405(g), sentence four.

3     Upon remand from the Court, the Appeals Council will remand the case to an Administrative
4 Law Judge (ALJ) for a new hearing and a new decision.  The parties note that the Commissioner is
5 not required to conduct an additional ALJ hearing in this matter; rather, the Commissioner's
6 Hearings, Appeals, and Litigation Law Manual (HALLEX) provides that the Appeals Council may,
7 at its discretion, issue a decision without remand to an ALJ.  *See* HALLEX I-4-3-80.  If the Appeals
8 Council decides that remand to an ALJ is necessary, it will direct the ALJ to evaluate the claimant's
9 impairments under Listing 1.02A as well as any other listing that Plaintiff argues he meets or equals.
10 If the ALJ finds that Plaintiff does not meet or equal any listing, he should evaluate the credibility of
11 Plaintiff's subjective complaints, determine his residual functional capacity, and determine whether
12 he can perform his past relevant work or other jobs existing in significant numbers in the national
13 economy.  The ALJ should set forth good reasons for the weight that he gives to any treating source
14 opinion in the record, and, if he finds Plaintiff's testimony less than fully credible, he should provide
15 specific reasons for so finding supported by evidence in the record.

16     The parties further request that the Clerk of the Court be directed to enter a final judgment in
17 favor of Plaintiff, and against Defendant, Commissioner of Social Security, reversing the final
18 decision of the Commissioner.

    Respectfully submitted,

DATED: March 1, 2013    *s/ Glenn M. Clark*
    GLENN M. CLARK
    (as authorized by email)

    Attorney for Plaintiff

    BENJAMIN B. WAGNER
    United States Attorney

DATE: March 1, 2013    By    *s/ Daniel P. Talbert*
    DANIEL P. TALBERT
    Special Assistant United States Attorney

    Attorneys for Defendant

Stip. & Prop. Order to Remand    2

ORDER

Pursuant to stipulation, it is so ordered.

DATE:   March 4, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE